## EVANS v. SPRINGER.

### November 19, 1836.

*Rule to show cause why the writ should not be quashed.*

*Scire facias* on a mechanic's claim issued September 20, 1836, returnable on first Monday of October following, being an interval of thirteen days; the claim had been filed before September 1, 1836, when the new act took effect. On motion to quash the *scire facias* on the ground that the new act requires this writ to issue at least fifteen days previous to the return day, *held*, that the claim having been filed under the act of 17th March, 1806, the provisions of the new act did not apply to any proceedings upon it.

THIS was a *scire facias* on a mechanic's claim, and it was issued on the 20th September, 1836, returnable to the first Monday of October, there being thirteen days to the return day.

The claim however had been filed prior to the first day of September, at which time the act of 16th June, 1836, entitled "An Act relating to the lien of mechanics and others upon buildings" took effect. (*Stroud's Purd. tit. Mechanics' Liens.*)

The defendant obtained a rule to show cause why the writ should not be quashed, alleging, that by the 16th section of the said

[Evans v. Springer.]

act of Assembly, the *scire facias* could not have issued within fifteen days previous to the return day of the next term.

*I. Norris* for the rule.
*Price*, contra.

The opinion of the Court was delivered by

PETTIT, *President.*—All parts of the act concur in showing that this proviso in regard to fifteen days, has relation only to cases in which the claim itself was filed after the law went into operation. The direction in the second and several succeeding sections as to the quantity and boundaries of ground to be covered by any claim, and in the eleventh and other sections as to the mode of setting forth the claim, as they comprehend matters contained in no former law are necessarily prospective, and to go into effect at the period designated in the law.

The fifteenth section then enacts, that " the proceedings to recover the amount of any *claim as aforesaid* shall be, by a writ of *scire facias* in the following form," &c.

The sixteenth section then provides, that " no *such scire facias* shall in any case, be issued within fifteen days," &c.

It is plain, therefore, that the writ referred to in this act, is only such a writ, as is issued upon a claim filed agreeably to the act, that is, after the first day of September, 1836. The rule is therefore to be discharged.

Rule discharged.[a]

---

[a] The same point was ruled during the present term in the Common Pleas of Philadelphia, (KING, *President*, RANDALL J. and JONES J.) in the case of Matlack *v.* Hoy, which was a *scire facias* on a mechanic's claim. The claim was filed April 7th, 1835, and described the property (two houses and lots in Spruce street between Schuylkill Third and Fourth streets) sufficiently under the old law and decisions, but not with sufficient accuracy for a sale. On motion to amend the record by filing a complete description of the property, as the foundation of a *levari facias* under the new act, the court held that the proceeding having been commenced by the filing of the claim under the old law, the new act does not apply to the case, and therefore execution should be by *fieri facias* according to the practice under the old law.